IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WARREN CHASE #326-514
    Petitioner/Plaintiff        :

              v.            :  CIVIL ACTION NO.  DKC-11-1096
                                  (Consolidated with DKC-11-1156)

STATE OF MARYLAND,         :
J. MICHAEL STOUFFER, Commissioner,
  Division of Correction         :
GARY D. MAYNARD, Secretary,
  Department of Public Safety &       :
  Correctional Services
BOBBY P. SHEARIN, Warden NBCI   :
RICHARD GRAHAM, JR., Assistant
  Warden NBCI               :
SCOTT S. OAKLEY, Executive Director
  Inmate Grievance Office      :
PRIOR/PRESENT PSYCHOLOGIST
LAURA MOULDEN, Mental Health   :
  Counselor
PSYCHIATRIC NURSE KAREN    :
ANITA ROZAS, Social Work Supervisor
REGINA CUBBAGE, Social Worker  :
MELISSA HARR, Social Worker
CHARLOTTE ZIES, Case Management :
  Specialist
Mary Jane Rose, Office Clerk     :
MAIL ROOM STAFF
ROBERT P. DUCKWORTH      :
CLERK FRANK M. CONWAY
CLERK SUSAN M. MARZETTA   :
CLERK J. BAILEY
CLERK B. L. BOWAN         :
    Respondents/Defendants

## MEMORANDUM OPINION

### I.    Procedural History

Warren Chase, a Maryland Division of Correction prisoner presently confined at the

North Branch Correctional Institution in Cumberland (NBCI), filed Civil Action No. DKC-11-

1096, alleging a denial of access to the courts and seeking to compel the Baltimore City Circuit

Courts for Baltimore City and Anne Arundel County Court to accept his papers for filing.[1]  The

action was instituted as a habeas corpus petition filed pursuant to 28 U.S.C. § 2241 and

construed as a request for mandamus relief.  In a preliminary Order dated May 11, 2011, the

undersigned found no basis for affording mandamus relief.  Nonetheless, the case was

consolidated with *Chase v. Commissioner, et al.,* Civil Action No. CCB-11-1156 (D. Md.), a

civil rights action seeking money damages and injunctive relief and alleging that State

corrections personnel and others, including personnel at the Anne Arundel County and Baltimore

City Circuit Courts,[2] are blocking his access to those courts in an attempt to deprive him of a

court-ordered transfer from the Division of Correction to the Department of Health and Mental

Hygiene.[3]  The claim for money damages was dismissed,[4] but the injunctive relief request was

permitted to proceed in conjunction with the allegations set out in Civil Action No. DKC-11-

1096.  The consolidated cases are before the court on an unopposed[5] Motion for Summary

---

[1] Chase's previous consolidated civil rights action against the Clerks of the Anne Arundel County and Baltimore
City Circuit Courts was dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  *See Chase v. Duckworth, et
al.*, Civil Action No. CCB-10-2010 (D. Md.).

[2] It appears from the docket that Defendants Duckworth (Clerk of Court for Anne Arundel County), Conaway (Clerk
of Court for Baltimore City), and Clerks Marzetta, Bowan and Bailey were not served with summons and complaint.
For reasons apparent herein, this deficiency need not be cured at this time.

[3] The court notes that Chase's entitlement to placement in an appropriate treatment facility was the subject of an
unsuccessful  petition for habeas corpus relief.  *See Chase v. Warden*, Civil Action No. CCB-09-241 (D. Md.).

[4] Dismissal of money damages is appropriate as Chase has filed many frivolous actions in this court.  The first,
*Chase v. Sanders, et al.,* Civil Action No. CCB-02-2141 (D. Md.), was dismissed on July 3,2002. *Chase v. Everd*,
Civil Action No. CCB-07-2581 (D. Md.) was dismissed on January 14, 2008. *Chase v. Baynes*, Civil Action No.
CCB-09-691 (D. Md.) was dismissed on March 20, 2009.

[5] Pursuant to the dictates of *Roseboro v. Garrison***,** 528 F.2d 309, 310 (4th Cir. 1975), on September 12, 2011, Chase
was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his
action. ECF No. 22. Chase was also informed that he was entitled to file materials in opposition to that motion
within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to
illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the
entry of summary judgment without further notice of the court.  *Id.*

Judgment filed on behalf of all identified[6] Maryland Correctional Defendants.  ECF No. 21. No

hearing is needed to resolve this case.  *See* Local Rule 105.6. (D. Md. 2011).

## II.    Standard of Review

### Motion for Summary Judgment

Under the December 10, 2010 revisions to Fed. R. Civ. P. 56(a):

> A party may move for summary judgment, identifying each claim
> or defense—or the part of each claim or defense—on which
> summary judgment is sought.  The court shall grant summary
> judgment if the movant shows that there is no genuine dispute  as
> to any material fact and the movant is entitled to judgment as a
> matter of law.  The court should state on the record the reasons for
> granting or denying the motion.

"The party opposing a properly supported motion for summary judgment 'may not rest

upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts

showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*.,

346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The

court should "view the evidence in the light most favorable to...the nonmovant, and draw all

inferences in her favor without weighing the evidence or assessing the witness' credibility."

*Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court

must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported

claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal quotation

marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).   "The party opposing a properly

supported motion for summary judgment may not rest upon mere allegations or denials of [its]

---

[6] Defendants "Mail Room Staff," "Prior/Present Psychologist" and "Psychiatric Nurse Karen"  have not been identified; dismissal of these unnamed Defendants is appropriate for reasons apparent herein.

pleading, but must set forth specific facts showing that there is a genuine issue for trial."

*Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

**Denial of Access to the Courts**

Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U. S. 817, 821 (1977). However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), *quoting Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349.

**III    Analysis**

The gist of Chase's complaint is premised on his belief that numerous individuals, ranging from high-ranking State officials, Division of Correction ("DOC") personnel, prison mental health providers and social workers, and personnel in the Anne Arundel County and Baltimore City courthouses steal his outgoing legal mail in order to deprive him of a court-ordered transfer from the DOC to the Department of Health and Mental Hygiene ("DHMH").

Chase's entitlement to placement in such a facility has been litigated in this Court. *See Chase v. Warden*, Civil Action No. CCB-09-241 (D. Md.). In that habeas corpus action the record revealed that Chase was convicted on July 19, 2005, in the Circuit Court for Anne Arundel County of armed robbery, use of a handgun in the commission of a crime of violence, and conspiracy to commit armed robbery. He received a twenty-year sentence, all but fifteen years suspended, for the armed robbery conviction, five years without parole for the handgun offense consecutive to the robbery sentence, and a five-year concurrent sentence for the conspiracy conviction, with a maximum expiration date for this term of confinement of July 19, 2025. *Id.*, ECF No. 7 at 1. On October 22, 2008, the Honorable Pamela L. North of the Circuit Court for Anne Arundel County ordered Chase committed to the Maryland Department of Health and Mental Hygiene (DHMH) for drug and/or alcohol treatment, with transfer contingent upon the availability of bed space at an appropriate facility designated by DHMH. *Id.*, ECF No. 7 at 1.

Chase then filed his habeas action here, arguing that Judge North's order entitled him to immediate release on probation and/or admission to the Mountain Manor/Gaudenzia program, an unlocked drug treatment facility in Emmitsburg, Maryland. Civil Action No. CCB-09-241, ECF No's 1 and 5. The Commissioner of Correction and the State's Attorney for Anne Arundel County successfully sought reconsideration of the order committing Chase to DHMH, arguing that he is not amenable to placement in an unlocked facility based on his long history of prison disciplinary infractions and a diagnosis of severe antisocial personality disorder.[7] ECF No. 7 at 2. Despite the rescision of Judge North's order, Chase has continued to petition the Anne

---

[7] The history of Chase's conviction as well as docket entries concerning his attempts to be committed to the DHMH for alcohol or drug treatment under Maryland's Health General Art. 8-507 is available at http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=02K04000366&loc=60&detailLoc=K

Arundel Circuit Court for placement in a DHMH facility. Additionally, Chase has filed dozens of cases in the Baltimore City Circuit Court, including eight filed in the past two years.[8]

Chase has inundated the state courts, filing motions and petitions in connection with his criminal conviction as well as dozens of civil actions, including agency appeals.[9] Examination of the electronic docket reveals multiple entries relating to many of these cases. Chase claims that he attempted on twelve occasions to mail a copy of a habeas corpus petition concerning his DHMH commitment to the Baltimore City Circuit Court, and alleges the copies were either stolen by NBCI correctional or mailroom staff or the Clerk of Court and/or his staff. ECF No. 1 at 8. It appears that one or more of these cases may have been received by the Circuit Court and either dismissed or ignored.[10] Furthermore, Defendants have provided an uncontroverted Declaration from the Office Processing Clerk Supervisor of NBCI's mailroom indicating that legal mail from all prisoners is logged and processed the same way.[11] ECF No. 21, Exhibit 3. In any event, the state courts have determined that Chase is not entitled to release to DHMH; thus, he cannot establish actual injury as a result of any alleged misconduct on the named Defendants.

In short, Chase is not entitled to the relief he seeks. A separate Order shall be entered granting summary judgment in favor of Defendants and closing this case.

November 3, 2011                         _____/s/_____
Date                                       DEBORAH K. CHASANOW
                                               United States District Judge

---

[8] *See* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis

[9] Chase additionally has filed dozens of actions in this court. As many of them were deemed legally frivolous, he is now subject to the "three strikes" provision and barred from proceeding in this court unless the facts alleged indicate he is in imminent danger of physical harm. *See* 28 U.S.C. § 1915(g). The first "strike," in *Chase v. Sanders, et al.,* Civil Action No. CCB-02-2141 (D. Md.), was dismissed on July 3, 2002. *Chase v. Everd*, Civil Action No. CCB-07-2581 (D. Md.) was dismissed on January 14, 2008. *Chase v. Baynes*, Civil Action No. CCB-09-691 (D. Md.) was dismissed on March 20, 2009.

[10] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=24C10000342&loc=69&detailLoc=CC; http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=24H11000162&loc=69&detailLoc=CC

[11] Pages of recent logs involving Chase's legal mail are provided as an example. *Id*., Exhibit 4.